**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Martin PEREZ, Defendant—Appellant.**

**No. 04–50307.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 2005.

Decided May 9, 2005.

■

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Jill L. Burkhardt, Esq., U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Anthony E. Colombo, Esq., San Diego, CA, for Defendant–Appellant.

Before: BROWNING, FISHER and BYBEE, Circuit Judges.

## MEMORANDUM *

Martin Perez appeals the judgment of conviction following his conditional guilty plea to importation of marijuana in violation of 21 U.S.C. §§ 952, 960. Perez challenges the district court's denial of his motion to suppress statements based on his unlawful handcuffing at the Otay Mesa port of entry. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

As the government concedes, Perez's handcuffing was unlawful because it was not supported by reasonable suspicion. *See United States v. Bravo*, 295 F.3d 1002, 1011 (9th Cir.2002). Nonetheless, we conclude that Perez's statements were not a product of the illegal handcuffing: (1) the officer handcuffed Perez for only two minutes during the walk from Perez's vehicle to the holding area; (2) fifteen minutes later, officers discovered marijuana in Perez's vehicle during a lawful border search and subsequently arrested Perez; (3) Perez was then *Mirandized;* (4) Perez invoked his *Miranda* rights and was not questioned by officers; and (5) five to seven hours later, Perez made the statements he sought to suppress. By the time Perez made the statements, the taint of the illegal handcuffing had dissipated. *See Brown v. Illinois*, 422 U.S. 590, 603–04, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). Because the statements did not flow from the unlawful detention, the district court did not err when it denied Perez's motion to suppress.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.